# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| EDWARD MURPHY §<br>§<br>v. §<br>§   CIVIL ACTION NO. 3:25-CV-1090-S<br>APPLEBEE'S NEIGHBORHOOD §<br>GRILL & BAR and BUFFALO WILD §<br>WINGS, d/b/a BLAZIN WINGS INC. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Edward Murphy's Motion to Remand ("Motion") [ECF No. 6]. Having considered the Motion, Defendant Buffalo Wild Wings d/b/a Blazin Wings, Inc.'s Response to Plaintiff's Motion to Remand ("Response") [ECF No. 11], and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff filed this action in the 40th Judicial District Court in Ellis County, Texas. Pl.'s Original Pet. [ECF No. 1-4]. He sued Defendants Applebee's Neighborhood Grill & Bar, Buffalo Wild Wings d/b/a Blazin Wings, Inc. ("Blazin Wings"), and John/Jane Does 1 and 2 ("Doe Defendants"). Pl.'s Third Am. Original Pet. ("State Court Petition") [ECF No. 1-18] 3-7.

On May 2, 2025, Blazin Wings removed the action to this Court. Def.'s Notice of Removal ("Notice of Removal") [ECF No. 1]. In the Notice of Removal, Blazin Wings predicated the Court's subject matter jurisdiction upon diversity of citizenship under 28 U.S.C. § 1332. *Id.* ¶ 14. To do so, Blazin Wings alleged that the amount in controversy exceeds $75,000, Applebee's is a citizen of California, Blazin Wings is a citizen of Minnesota and Georgia, and Plaintiff is a citizen of Texas. *Id.* ¶¶ 11-13, 16. Blazin Wings did not allege the citizenship of Doe Defendants,

asserting that their citizenship could be disregarded for subject matter jurisdiction purposes. *Id.* ¶ 15 (citing 28 U.S.C. § 1441(b)(1)).

After removal, Plaintiff filed this Motion, seeking remand to state court based on Blazin Wings's failure to allege the citizenship of Doe Defendants. *See* Mot. ¶¶ 7-8. Soon after filing the Motion, Plaintiff filed a Fourth Amended Petition ("Amended Petition") [ECF No. 8], dropping Doe Defendants as named parties.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution or statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal court must presume that a cause of action lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, courts strictly construe the removal statute, and any doubt about the propriety of removal is resolved in favor of remand. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When, as here, a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other

side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted). Diversity of citizenship must exist at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

### III. ANALYSIS

The Court concludes that it has subject matter jurisdiction over this action because Blazin Wings has adequately alleged diversity of citizenship.[1] In the Motion, Plaintiff argues that the Notice of Removal is deficient as Blazin Wings does not allege the citizenship of Doe Defendants. Mot. ¶ 7. In support of his argument, Plaintiff quotes the United States Supreme Court in *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005) for the proposition that the "citizenship of 'all named plaintiffs and all named defendants' count[s]." Mot. ¶ 7 (quoting *Lincoln Prop. Co.*, 546 U.S. at 84).[2] While this statement is technically correct, it does not support Plaintiff's argument that Blazin Wings is required to allege the citizenship of Doe Defendants, two unnamed parties.

---

[1] Plaintiff does not dispute that Blazin Wings adequately alleged in the Notice of Removal the amount in controversy requirement for subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a).

[2] Plaintiff quotes and cites multiple other cases, but because these cases are from federal courts in other circuits and thus are not binding, the Court need not address these cases or Blazin Wings's arguments on how these cases are distinguishable. *See, e.g.*, Mot. ¶ 7 (citing, among other cases, *Ramski v. Sears, Roebuck and Co.*, 656 F. Supp. 963 (N.D. Ohio 1987)); Resp. 8-9 (distinguishing, among other cases, *Ramski*, 656 F. Supp. 963).

"In determining whether a civil action is removable on the basis of jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Here, John and Jane Doe are the quintessential examples of fictitious party names that courts may not consider in determining whether diversity of citizenship exists. *See, e.g., Shoffeitt v. Wal-Mart Stores Tex., LLC, Store No. 0595*, No. 1:19-CV-156, 2019 WL 7584313, at *2 (S.D. Tex. Dec. 30, 2019) (declining to consider the citizenship of unnamed John Does in considering diversity of citizenship) (citing, among other sources, *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014)). Accordingly, Blazin Wings did not need to allege Doe Defendants' citizenship in its Notice of Removal and thus has adequately alleged subject matter jurisdiction upon diversity of citizenship.

Further, the Court observes that soon after Plaintiff filed the Motion, Plaintiff filed an Amended Petition, dropping Doe Defendants as named parties. *See, e.g.*, Am. Pet. 1-2. Blazin Wings argues that the omission of Doe Defendants from the Amended Petition moots Plaintiff's request for remand. Resp. 7. However, "[t]o determine whether an action is removable, federal courts must consider the claims in the state court petition as they existed at the time of removal." *Wilson v. Brookfield Props. Multifamily, LLC*, No. 3:24-CV-0413-X, 2024 WL 3841516, at *2 (N.D. Tex. Aug. 15, 2024) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Accordingly, the Court need not address what effect, if any, Plaintiff's voluntary dismissal of Doe Defendants has on the Motion.[3]

---

[3] The Court also need not address Blazin Wings's argument that Plaintiff is barred by the applicable statute of limitations from joining or substituting in named parties for Doe Defendants, Resp. 9-14, because, as Blazin Wings itself notes, "[t]he facts before the Court do not involve Plaintiff attempting to join or substitute a nondiverse named party post-removal," *id.* at 9.

## IV. CONCLUSION

For these reasons, the Court **DENIES** the Plaintiff's Motion to Remand [ECF No. 6]. As such, the Court also **DENIES** Plaintiff's request for costs and attorney's fees. *See* Mot. ¶¶ 9-10.

**SO ORDERED.**

SIGNED August 19, 2025.

                                      **KAREN GREN SCHOLER**
                                      **UNITED STATES DISTRICT JUDGE**